<u>**NOT FOR PUBLICATION**</u>                    [Docket Nos. 3, 9, and 10]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

JAMAR SAALIM,

        Plaintiff,

    v.                                  Civil No. 07-2822 (RMB)

DYCOM INDUSTRIES, INC. et al.,        **OPINION AND ORDER**

        Defendants.

      THIS MATTER comes before the Court upon a motion to dismiss filed by Defendants Dycom Industries, Inc. ("Dycom"), and S.T.S., LLC ("STS"). Dycom argues that this Court cannot exercise personal jurisdiction over it. Dycom and STS both argue that because they did not employ the Plaintiff, Jamar Saalim, the Complaint fails to state a claim against them.

    Briefly, Plaintiff alleges the following facts in the Complaint. Dycom is a leading provider of specialty contracting services with headquarters located in Palm Beach Gardens, Florida. Complt. at ¶ 1. Utiliquest, LLC ("Utiliquest") is a subsidiary of Dycom based in Atlanta, Georgia, with a facility in Hammonton, New Jersey. Complt. at ¶ 2. Utiliquest provides underground facility-locating services to over 200 utility

companies and divisions across the country, helping them to conduct safer excavations, reduce damages to their buried facilities, and lower their total cost of service.  Id. STS is also an Atlanta-based subsidiary of Dycom providing technical services to the utility industry and has a facility in Philadelphia, Pennsylvania.  Complt. at ¶ 3.

Defendant Mike Bell was the Vice President of Utiliquest, as well as the Vice President of STS, and resided in Baltimore, Maryland.  Complt. at ¶ 4.  Defendant Steven Connolly was the General Manager of Utiliquest in the State of New Jersey and a New Jersey resident.  Complt. ¶ 5.

The Plaintiff is African-American.  He was employed as a technician at the Defendants' Hammonton facility, from April 2001 until his termination on December 21, 2005.  Complt. at ¶ 6.  The Plaintiff's job duties included locating and marking underground utility lines.  The Plaintiff and his fellow workers were known as "locators.".  Id.

Plaintiff alleges that in his employment with the Defendants he was subjected to differential and adverse treatment based upon his race.  Various alleged acts of discriminatory and differential treatment against the Plaintiff are detailed in the Complaint.

Plaintiff alleges that, even though the Defendants claimed to have terminated him due to a traffic accident in which he was

2

involved, the termination was actually in retaliation for his complaints of race discrimination.  Complt. at ¶ 34.  Finally, Plaintiff alleges that other African-American employees of the Defendants have also been terminated for being in traffic accidents, while similarly situated Caucasian employees would often only receive a suspension or no discipline at all.  Complt. at ¶ 9(c).

Plaintiff alleges violations of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. ("NJLAD").

**Legal Analysis**

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted must be denied if the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true, (even if doubtful in fact)."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007)(internal citations omitted).  Moreover, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65 (internal citations omitted).

3

A district court must accept any and all reasonable inferences derived from those facts.  Unger v. Nat'l Residents Matching Program, 928 F.2d 1392, 1394-95 (3d Cir. 1991); Glenside West Corp. v. Exxon Co., U.S.A., 761 F. Supp. 1100, 1107 (D.N.J. 1991); Gutman v. Howard Sav. Bank, 748 F. Supp. 254, 260 (D.N.J. 1990).  Further, the court must view all allegations in the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974); Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Therefore, in deciding a motion to dismiss, a court should look to the face of the complaint and decide whether, taking all of the allegations of fact as true and construing them in a light most favorable to the nonmovant, plaintiff has alleged "enough facts to state a claim for relief that is plausible on its face." Twombly, 127 S. Ct. at 1974.  Only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint matter, are taken into consideration. Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990).

Dycom and STS argue that they are not "employers" as defined by the NJLAD and, therefore, the case fails to state a claim against them.  Plaintiff counters that, prior to discovery, it is much too early to conclude that there is no employer-employee

4

relationship.   This Court agrees with Plaintiff.

In his Complaint, Plaintiff alleges that he had an employment relationship with each of the Defendants, including Dycom and STS (see, e.g., Count 1, ¶ 8 "Throughout the Plaintiff's employment with the Defendants....").   To determine whether a parent corporation is an "employer" within the meaning of Title VII, "the four-factor 'integrated enterprise' test is most appropriate."   Martin v. Safeguard Scientifics, Inc., 17 F.Supp.2d 357, 363 (E.D.Pa. 1998).   The four factors are: "(1) functional integration of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership."   Id. at 362.   This Court recognizes that "the four-pronged inquiry is not to be rigidly applied" and that employer status "ultimately depends on all the circumstances of the case." Id. at 362-63.   Here, Plaintiff's pleadings sufficiently allege that all actions were taken by the Defendants together.

Accordingly, because there has been no discovery on the issue of the employment relationship, if any, that Plaintiff alleges he had with Dycom and STS, the Defendants' motion to dismiss will be denied.

Finally, Dycom alleges that this Court cannot exercise personal jurisdiction over Dycom because it does not have the systematic and continuous contacts with New Jersey necessary to establish general personal jurisdiction.

5

There are two forms of personal jurisdiction that allow a district court in New Jersey to assert jurisdiction over a non-resident.  See, e.g., General Elec. Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001).  The first, general jurisdiction, exists where the defendant has systematic and continuous contacts with the forum state.  The second, specific jurisdiction, arises only when the plaintiff's claim is related to, or arises out of, the defendant's contacts with the forum state.  Id.

Here, again, Plaintiff argues that he should be allowed to conduct discovery on this issue.  This Court agrees.  Because there has been no discovery, this Court cannot find that Dycom does not have the requisite systematic and continuous contacts with New Jersey.  Discovery will tell.

For the foregoing reasons, the Defendants' motions will be denied without prejudice.  The Court, however, will modify the Scheduling Order filed July 31, 2007, to provide that for the next sixty days, to November 19, 2007, the discovery as to Defendants Dycom and STS shall be limited to the issues set forth in this Opinion.  At the conclusion of this discovery, Defendants, if they desire, will be permitted to re-file their motions.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: September 18, 2007

6